T.C. Summary Opinion 2009-69


UNITED STATES TAX COURT


DANIEL K. MCAFEE AND MELISSA A. ALLEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15417-07S.              Filed May 11, 2009.


Daniel K. McAfee and Melissa A. Allen, pro sese.

<u>Cindy L. Wofford</u>, for respondent.


LARO, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

---

[1]Unless otherwise indicated, section references are to the
applicable versions of the Internal Revenue Code, and Rule
references are to the Tax Court Rules of Practice and Procedure.

Petitioners petitioned the Court to redetermine respondent's determination of a $20,833 deficiency in petitioners' 2002 Federal income tax and a $5,350.43 addition thereto for untimely filing under section 6651(a)(1). Following concessions, we decide the following issues:

1.  Whether petitioners may deduct $36,550 as a commission expense. We hold they may not;

2.  whether petitioners are liable for the addition to tax. We hold they are.

## Background

The parties have submitted to the Court a stipulation of facts with accompanying exhibits. The stipulated facts and accompanying exhibits are incorporated herein by this reference.

Petitioners are husband and wife, and they filed a joint Form 1040, U.S. Individual Income Tax Return, for 2002 on November 16, 2005. They resided in Texas when their petition to this Court was filed.

Daniel K. McAfee (Mr. McAfee) is a self-employed consultant on the health industry. Petitioners claimed on their 2002 return a deduction for a $36,550 commission paid by Mr. McAfee as an expense of his consulting business. Respondent disallowed this deduction.

## Discussion

## I.  Deduction for Commission

Petitioners bear the burden of proving that respondent's determinations set forth in the notice of deficiency are

incorrect. See Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Deductions are strictly a matter of legislative grace, and petitioners must show that their claimed deductions are allowed by the Code. Petitioners also must keep sufficient records to substantiate any deduction that would otherwise be allowed by the Code. See sec. 6001; <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). While section 7491(a) sometimes shifts the burden of proof to the Commissioner, that section is not applicable where, as here, petitioners have failed to meet the recordkeeping and substantiation requirements of the Code. See sec. 7491(a)(2)(A) and (B).

Section 162(a) allows a cash method taxpayer such as Mr. McAfee to deduct any ordinary and necessary expense paid during the taxable year in carrying on a business. Petitioners assert that Mr. McAfee paid an individual $36,550 as a commission related to Mr. McAfee's consulting business. We decline to find that assertion as a fact. Petitioners have provided the Court with no documentation for the expense, nor has either petitioner clearly articulated the specifics of the expense. We sustain respondent's disallowance of petitioners' claim to the $36,550 deduction.

II. <u>Addition to Tax</u>

Respondent determined that petitioners are liable for an addition to tax under section 6651(a)(1). That section imposes an addition to tax for failing to file a tax return when due unless it is shown that such failure is due to reasonable cause

and not due to willful neglect.  Respondent bears a burden of production with respect to petitioners' liability for such an addition to tax.  See sec. 7491(c).  If that burden is met, petitioners bear the burden of establishing that they exercised ordinary business care and prudence and nevertheless were unable to file their 2002 return timely.  See <u>United States v. Boyle</u>, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs; see also <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-448 (2001).

Petitioners concede they filed their 2002 tax return late. Respondent has therefore met his burden of production. Petitioners argue that they acted reasonably in filing their return late because, they assert, their accountant disappeared with their records.  We decline to find that assertion as a fact. We sustain respondent's determination of an addition to tax under section 6651(a)(1).

III.  <u>Conclusion</u>

We have considered all of petitioners' contentions and allegations, and we conclude that those contentions and allegations not discussed herein are without merit or irrelevant. To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.